UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br>　　　　Plaintiff,<br>　v.<br>JETBLUE AIRWAYS CORPORATION,<br>　　　　Defendant. | Case No. 25-cv-03387-TSH<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION**<br>Re: Dkt. No. 14 |

Pending before the Court is Plaintiff Sergey Firsov's Motion to Disqualify Judge for Cause. ECF No. 14. Plaintiff argues: "Judge violated Amendments 5th and 14th to Constitution because destruction behavior and improper order to show cause without a fair hearing could raise due process concerns. Who will trust the judge who ignoring and not reading documents?" Mot. at 2. Plaintiff argues the undersigned "should recuse himself and move to different court." *Id.*

Motions to disqualify or recuse a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 requires a party seeking recusal to file a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455 (b)(1). Section 455 includes additional circumstances in which a judge must disqualify himself, none of which are relevant to the bases Plaintiff lists. *See id.* § 455 (b)(2)-(5).

Here, Plaintiff has failed to establish any basis on which the Court's impartiality might

1  reasonably be questioned.  The only evidence in support of his motion that Plaintiff provides is
2  that the undersigned denied his application to proceed in forma pauperis and, after Plaintiff failed
3  to pay the filing fee, ordered him to show cause why this case should not be dismissed.  Mot. at 1.
4  "Ordinarily, the alleged bias must stem from an 'extrajudicial source.'"  *United States v.*
5  *Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997) (citing *Liteky v. United States*, 510 U.S. 540,
6  554-56 (1994)).  Thus, while judicial rulings may constitute grounds for an eventual appeal, they
7  are not a valid basis for a motion for recusal.  *See Liteky v. United States*, 510 U.S. 540, 555
8  (1994); *see also Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous
9  adverse ruling alone is not sufficient bias."); *McCoy v. Stronach*, 2021 WL 147989, at *1-2 (E.D.
10 Cal. Jan. 15, 2021) (denying plaintiff's motion for disqualification based on adverse ruling on
11 motion).  Plaintiff also argues the undersigned should recuse himself because the Court ignored
12 his request for a hearing after denying his in forma pauperis application.  *Id.*  However, while
13 Plaintiff has filed such a request in some of his other cases pending in this District (*see, e.g.*,
14 *Firsov v. Alaska Airlines, Inc.*, Case No. 25-cv-2841 NC, ECF No. 10; *Firsov v. Frontier Airlines*,
15 Case No. 25-cv-2898 SVK, ECF No. 10). he did not file a request in this case.  Plaintiff further
16 argues the undersigned should recuse for failure to read Plaintiff's motion for reconsideration.
17 Mot. at 2.  However, the Court did read Plaintiff's motion for reconsideration and in a separate
18 order denies it.  Plaintiff additionally asserts that the IFP motion he filed in the public record
19 disclosed his financial information and the Court was obligated to seal it.  However, Plaintiff has
20 not filed a motion to seal or demonstrated that the standards for sealing have been met here.
21     Accordingly, the Court **DENIES** Plaintiff's motion to disqualify.
22     **IT IS SO ORDERED.**

Dated: May 19, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2